UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Mandy Lee Bahr,

Plaintiff,

vs.

1994 Saturn Automobile,
Minnesota License Number
303PHM, VIN 1G82J5572RZ205457,
$398.00 Cash, International
Falls Police Department, Police
Officer John Decker and John
Does, 1 through 5,

Defendants. Civ. No. 01-61 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 23rd day of February, 2001.

* * *

On February 22, 2001, the Court heard argument on the Plaintiff's Motion to Amend her Complaint. At the time of the Hearing, the Plaintiff appeared by Bruce R. Biggins, Esq., and the Defendants appeared by Joseph E. Flynn, Esq. We grant the Motion.

This action was originally filed by the Plaintiff in State Court in order to seek a judicial review of a vehicle seizure that occurred on December 7, 2000. Thereafter, on January 12, 2001, the action was removed, by the Defendants, to this Court. On January

FEB 23 2001

18, 2001, the Defendants notified the Court that they would be filing a Motion to Dismiss the Plaintiff's Compliant. Subsequently, on January 19, 2001, the Plaintiff filed this Motion to Amend her Complaint, so as to add a variety of claims premised upon Title 42 U.S.C. §§1983 and 1985.

As we expressed at the Hearing, because the Defendants have yet to file a pleading that is "responsive" to the Plaintiff's original Complaint, the Plaintiff does not need to seek leave from this Court to amend her Complaint. As enunciated in the first sentence of Rule 15(a), Federal Rules of Civil Procedure, a party may amend her pleading once, "as a matter of course, at any time before a responsive pleading is served." Further, as the Court explained in State of Minn. by Humphrey v. Standard Oil Co. (Indiana), 568 F. Supp. 556, 559 (D. Minn. 1983):

> A motion to dismiss is not a responsive pleading, within the meaning of Rule 15. See, 3 J. Moore, Moore's Federal Practice ¶15.07[2] (2nd ed. 1983). Although a motion to dismiss has been made, if the motion has not yet been granted, a pleading may be amended. St. Michael's Convalescent Hospital v. State of California, 643 F.2d 1369 (9th Cir.1981).

See also, West Professional Educ. Group, Inc. v. Harcourt Brace Legal and Professional Publications, Inc., 1995 WL 422651, *13 n. 7 (D. Minn. 1995)(Motion to Dismiss is not a responsive pleading as that terminology is employed in Rule 15(a)).

Here, the Defendants have yet to file an Answer, or any other pleading, that is considered "responsive" for the purposes of Rule

15(a). Consequently, the Plaintiff's Motion to Amend is unnecessary,[1] and is denied as moot.[2]

---

[1]According to the Defendants, the Plaintiff waived her absolute right to amend, under Rule 15(a), when she sought leave to amend, from this Court. While we recognize this to be the law in some jurisdictions, we note that the few authorities on point have divided on the question of whether a party forfeits the right to amend, out of course when it unnecessarily moves for leave to amend. See, S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co., Inc., 608 F.2d 28, 42 (2nd Cir. 1979), comparing Vars v. Int'l Bro. of Boilermakers, 204 F. Supp. 245, 246 (D. Conn. 1962); In re Watauga Steam Laundry, 7 F.R.D. 657, 658-59 (E.D. Tenn. 1947)(right to amend of course forfeited), with Matter of Edgar, 617 F.2d 1171, 1175 & n.7 (5th Cir. 1980); La Batt v. Twomey, 513 F.2d 641, 650-51 (7th Cir. 1975); Kirk v. United States, 232 F.2d 763, 770 (9th Cir. 1956); Peterson Steels, Inc. v. Seidmon, 188 F.2d 193, 194 (7th Cir. 1951); Magic Foam Sales Corp. v. Mystic Foam Corp., 167 F.2d 88, 91 (6th Cir. 1948); Rogers v. Girard Trust Co., 159 F.2d 239 (6th Cir. 1947)(right to amend of course not forfeited). Given these divergent holdings, it continues to be our view that it is inconsequential whether a plaintiff, in an instance such as this, unnecessarily seeks leave to amend. See, Hagee v. City of Evanston, 95 F.R.D. 344, 345 (N.D. Ill. 1982). If, the party opposing the amendment out-of-course acquiesces in the entitlement to amend, then no Hearing is necessary, but if that party does not so acquiesce, then a Hearing would seem inevitable, or a subsequent Motion to Strike would follow. Simply put, we see no merit in the forfeiture of the right to amend out-of-course, either on punitive or nonpunitive grounds.

[2]We note that, because leave of this Court is not required for the Plaintiff's amendment, we have no ability to preview the validity of the claims, which are contained in such an amendment, for futility. See, Foman v. Davis, 371 U.S. 178, 180 (1962); citing 3 Moore, Federal Practice (2nd ed. 1948)(If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, i.e., if the proposed amendments are not futile, leave to amend should be granted). Nonetheless, the Plaintiff is on notice that amending a claim, so as to raise a futile action that is subject to dismissal as a matter of law, could result in (continued...)

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Complaint [Docket No. 4] is DENIED, as moot.

2. That, no later than ten days from the date of this Order, the Plaintiff shall serve and file her Amended Complaint.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[2](...continued)
the imposition of Rule 11, or other sanctions.